1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    ALONZO J. HERNANDEZ,                    No. C-13-3314 TEH (PR)

              Petitioner,

8

              v.                            ORDER OF DISMISSAL

9

10   GREGORY J. AHERN, SHERIFF ALAMEDA
     COUNTY SHERIFF'S OFFICE, UNITED
     STATES MARSHALS SERVICE and

11   FEDERAL BUREAU OF PRISONS,

12            Respondents.

13   _____/

14

15          Petitioner Alonzo J. Hernandez, a federal pre-trial

16   detainee housed at The Glenn E. Dyer Detention Facility (GEDDF) in

17   Oakland, California, has filed a petition for a writ of habeas

18   corpus under 28 U.S.C. § 2241(c)(3) challenging prison conditions,

19   specifically the denial of access to an on-site physical law library

20   at GEDDF.  Doc. #1 at 2-3.  Petitioner also seeks to have this case

21   certified as a class action consisting of a class of federal

22   pretrial inmates housed at GEDDF from October 2009 through June

23   2013.  Petitioner has paid the $5.00 filing fee for habeas

24   petitions.

25          Petitioner's petition must be dismissed for two reasons.

26   First, Petitioner may not bring a class action on behalf of other

27   prisoners.  "[A] litigant appearing in propria persona has no

28   authority to represent anyone other than himself."  Russell v.

United States District Court

For the Northern District of California

1  <u>United States</u>, 308 F.2d 78, 79 (9th Cir. 1962).  Plaintiff's

2  allegations that he wants to pursue a class action are dismissed

3  because <u>pro se</u> prisoner-plaintiffs are not adequate class

4  representatives able to fairly represent and adequately protect the

5  interests of a class.  <u>See</u> <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407

6  (4th Cir. 1975).  Plaintiff may pursue claims only about violations

7  of his own rights, and therefore should confine himself to such

8  allegations if he files an amended complaint.  Any other prisoner

9  who seeks to pursue a claim about a violation of his own rights must

10  file his own action.

11         Second, Petitioner improperly asserts claims alleging

12  unconstitutional conditions of confinement in a habeas petition.

13  "'Federal law opens two main avenues to relief on complaints related

14  to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254,[1]

15  and a complaint under the Civil Rights Act of 1871, Rev. Stat.

16  § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness

17  of confinement or to particulars affecting its duration are the

18  province of habeas corpus.'"  <u>Hill v. McDonough</u>, 547 U.S. 573, 579

19  (2006) (quoting <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004)).  "An

20  inmate's challenge to the circumstances of his confinement, however,

21  may be brought under § 1983."  <u>Id.</u>  The Ninth Circuit has held that

22  "habeas jurisdiction is absent, and a § 1983 action proper, where a

23  successful challenge to a prison condition will not necessarily

24  shorten the prisoner's sentence."  <u>Ramirez v. Galaza</u>, 334 F.3d 850,

25  859 (9th Cir. 2003); <u>Docken v. Chase</u>, 393 F.3d 1024, 1026 (9th Cir.

26  _____

27         [1]Because Petitioner is a pre-trial detainee, he properly brings
   his petition under 28 U.S.C. § 2241(c)(3).

28                                    2

**United States District Court**
For the Northern District of California

2004) (challenges to prison conditions cognizable only via § 1983, and challenges implicating the fact or duration of confinement must be brought through a habeas petition); <u>accord</u> <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement).

Petitioner's claims challenge the conditions of his confinement and will not necessarily shorten his sentence if successful.  This is borne out by the relief Plaintiff seeks—transfer from GEDDF to another federal detention facility that has an on-site law library.  Therefore, these claims must be brought in a civil rights complaint, not in a habeas petition.  Accordingly, the instant petition is dismissed without prejudice to Petitioner raising his claims in a civil rights complaint that he files in a new case.[2]

The Clerk shall terminate any pending motions as moot, enter judgment in accordance with this Order and close the file.

IT IS SO ORDERED.

DATED      _10/07/2013_

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.13\Hernandez 13-3314-dism-hc-as-cr.wpd

---

[2]A civil rights complaint against federal defendants is properly brought under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).

3