IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO J. HERNANDEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>GREGORY J. AHERN, SHERIFF ALAMEDA COUNTY SHERIFF'S OFFICE, UNITED STATES MARSHALS SERVICE and FEDERAL BUREAU OF PRISONS,<br><br>　　　　Respondents.<br>_____/ | No. C-13-3314 TEH (PR)<br><br><br>ORDER OF DISMISSAL |

　　　　Petitioner Alonzo J. Hernandez, a federal pre-trial detainee housed at The Glenn E. Dyer Detention Facility (GEDDF) in Oakland, California, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) challenging prison conditions, specifically the denial of access to an on-site physical law library at GEDDF.  Doc. #1 at 2-3.  Petitioner also seeks to have this case certified as a class action consisting of a class of federal pretrial inmates housed at GEDDF from October 2009 through June 2013.  Petitioner has paid the $5.00 filing fee for habeas petitions.

　　　　Petitioner's petition must be dismissed for two reasons. First, Petitioner may not bring a class action on behalf of other prisoners.  "[A] litigant appearing in propria persona has no authority to represent anyone other than himself."  Russell v.

United States, 308 F.2d 78, 79 (9th Cir. 1962).  Plaintiff's allegations that he wants to pursue a class action are dismissed because pro se prisoner-plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of a class.  See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  Plaintiff may pursue claims only about violations of his own rights, and therefore should confine himself to such allegations if he files an amended complaint.  Any other prisoner who seeks to pursue a claim about a violation of his own rights must file his own action.

Second, Petitioner improperly asserts claims alleging unconstitutional conditions of confinement in a habeas petition. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254,[1] and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'"  Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983."  Id.  The Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003); Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir.

---

[1] Because Petitioner is a pre-trial detainee, he properly brings his petition under 28 U.S.C. § 2241(c)(3).

**2**

2004) (challenges to prison conditions cognizable only via § 1983, and challenges implicating the fact or duration of confinement must be brought through a habeas petition); <u>accord</u> <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement).

  Petitioner's claims challenge the conditions of his confinement and will not necessarily shorten his sentence if successful.  This is borne out by the relief Plaintiff seeks—transfer from GEDDF to another federal detention facility that has an on-site law library.  Therefore, these claims must be brought in a civil rights complaint, not in a habeas petition.  Accordingly, the instant petition is dismissed without prejudice to Petitioner raising his claims in a civil rights complaint that he files in a new case.[2]

  The Clerk shall terminate any pending motions as moot, enter judgment in accordance with this Order and close the file.

  IT IS SO ORDERED.

DATED *10/07/2013*     THELTON E. HENDERSON
           United States District Judge

G:\PRO-SE\TEH\HC.13\Hernandez 13-3314-dism-hc-as-cr.wpd

---

[2] A civil rights complaint against federal defendants is properly brought under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).

3